•Judge Marshall
delivered the Opinion of the Court.
Boude filed his bill, claiming to be relieved against a judgment and replevy bond, on the ground that he was the security of John Y. Payne, in the note upon which the judgment had been obtained, and that by an arrangement made without his knowledge or consent, Bartlow, the creditor, had, in consideration of twenty five dollars paid to him in advance, by Payne, as interest upon the debt for six months, agreed to indulge him for that period after the note became due. In consequence of which, and of further indulgence given, with or without consideration, he had been much injured, as. Payne was able to pay when the note became due, but became insolvent before suit was brought, or judgment obtained.
Bartlow denies that any such agreement was made with Payne, as precluded him from requiring and coercing payment at any time after the note became due; he does not admit Payne’s insolvency at the date of the judgment, or when the execution thereon was in the officer’s hands; and he says he is informed and believes, that Boude had received from Payne, and still holds land and bonds &c. for the purpose of meeting and paying this debt, which are an ample indemnity to him.
Evidence.
In a suit by a surety against the creditor, to enjoin the debt, upon the ground of a new agreement between the creditor and principal debtor, the latter is a competent witness. Facts — favorable to complainant.
Facts — favorable to defendant.
The deposition of Payne was taken, to prove the agreement for an extension of time, and although objected to on the ground of interest, we think him competent for the purpose. He states the agreement substantially as it is stated in the hill; and exhibits, as further evidence of it, a receipt in these terms: — “Received of “JohnPayne twenty five dollars interest on his note to “ me, for six months from the time due — Dec. 3,1829. — ■ “ Isaac Bartloio.,> The note was for the payment of five hundred dollars, due the 13th of November, 1829. Suit was brought upon it in March, 1832. In June following, judgment was obtained. In August, the replevy bond was executed — Boude having procured a security upon his own credit and request; and after this, BoUde was, for the first time, apprized of the arrangement between Payne and Bartlow. It appears sufficiently, that Payné had no property subject to execution after the replevy bond beéame due.
If the case presented no other facts than those which have been stated, the equitable principle which prohibits the obligee from making any arrangement with the principal obligor, by which the risk of the security shall be materially increased, without his consent, might perhaps by a liberal application of it, entitle the complainant to be discharged from all liability on account of the note, judgment or replevy bond. But it appears, that the execution on which the replevy bond tvas taken, was levied upon a tract of land as the property of Boude, but which had been conveyed to him by Payrté, for the purpose of paying or securing this and other debts for which Boude was his surety; that this land had been advertised to be sold, for the satisfaction of this and one other execution, and that oh the day of sale, by an arrangement between Boude and Payne, Bolide undertook to replevy this execution, and to pay off the other, and to transfer the land to Payne to be surrendered by him in part discharge of some other debt, in which it does not appear that Boude was bound. And that, in lieu of the land so transferred, Boude was to receive bonds and notes, to be assigned to him by Payne, as an indemnity for the payment which he was speedily to make, of one *593 'of the execution debts, and for the liability he was to incur by replevying the other.
An7 agreement made by a pnncipal debtor and fo^her ^or which in any way ^the8 surety^ without bis concurrenceor consent, will exonerate him'; and the facts by which be is thus exonerated, may be •available, though he has replevied the debt, after they transpired — provided, he signed the replevin bond, without any special inducement, but to gain time. ———But if the surety holds effects of "the debtor, as an indemnity, equity would seem to require thathe should offer to surrender them to the payment of the debt, when he asks the chancellorto relieve him from liability, and cast the loss upon the creditor. And-Tf the surety joins in a replevin bond for the debt — upon some new inducement, as upon receiving, orchanging, an indemnity,he will beliable upon the topi win bond, as upon an originalUndertaking. —-In this case, tile principal conveyed land to the surety, for an indemnity; tbe principal made arrangements with the creditor for time, the effect of which was to exonerate the surety; afterwards, judgment was recovered against both, ■execution issued, and levied upon that land; upon which, the surety accepted bonds #c. assigned to him by the principal, replevied the debt, and gave up the land to the principal, to pay other debts with: held, that under these circumstances, the surety cannot avail himself of his exoneration from the original debt, to escape his liability on the replevin bond.
This arrangement seems to have been carried into effect, at least so far as concerns the present question. The other execution alluded to, was returned satisfied by order of the plaintiff, upon Boude’s executing a note, with security, for its payment in a short time, and Boude replevied the execution of Bartlow, with a surety pro* cured, as he says, by himself, the bond being executed by Payne as a necessary party, but he' being in fact unable to procure security. The bonds, notes &c. were assigned by Payne to Boude, according to the arrangement, and we infer from the evidence, that the land was transferred by him to Payne, and surrendered by tbe latter, towards the payment of another debt. The 'exact amount of the bonds, notes &c. assigned to Boude, cannot be ascertained with certainty, but from the caution with which he examined this new indemnity before he acceded to the request of Payne to stop the sale of the land, and enter into new liabilities, it may be safely assumed, that they were equivalent to the two executions which were levied on tbe land. It seems also, that another piece of land had been previously conveyed to him by Payne, as an indemnity for these and one or two other debts, but no further particulars are stated in relation to it.
These facts give a new aspect to the question of , , ° r J . Uoude’s liability upon the replevy bond, and, m our opinion, prevent the operation of the equitable principle before alluded to, so as to discharge him. A more universal and better established principle of equity, and one *594 too, which is much better defined and understood, requires that, he who comes into a Court of Equity, asking relief from a legal liability or any unjust condition, should himself offer to do equity. And many cases have occurred in which a complainant has been turned out of the Court, or denied the relief which he sought? because he has shown no disposition to comply with this essential principle. 'In this view of the subject, we think the complainant comes into equity with abad grace; when with an indemnity in his pocket, prima facie sufficient to ensure him against any loss, he claims a total discharge under a principle adopted solely for the purpose of saving him from loss; and while he avows, that if he is discharged, the creditor must lose his debt, makes no offer to surrender or account for the indemnity he has received. We do not, however, mean to decide’ that if there were nothing more in the case than that he had been indemnified by the principal obligor, his failure to account for, or surrender the indemnity, without any prayer to that effect by the creditor, would be a sufficient ground for dismissing his bill, and holding him still subject to his immediate liability as an obligor in the replevy bond. Nor do we mean "to intimate the opinion, that by the mere act of replevying the debt, without regard to other circumstances, he placed his actual liability upon any new footing, or in any manner precluded himself from any advantage which, without that act, he might' have claimed in consequence of the conduct of the ■creditor.
But as the execution was levied upon property of which the principal debtor was the. real owner, as the debt might, for all that appears, have been satisfied, and Boude relieved from his responsibility at once, by the sale of that property, and as this means of satisfying the debt was withdrawn from the creditor by Boude’s' own voluntary act, in entering into the replevy bond, for which he was indemnified by the principal debtor, we think the replevy bond should not be considered as a mere continuance of the former liability of Boude, and as therefore subject to be affected by .whatever might affect his liability for the original debt; but rather as a *595 new undertaking, by which he again binds himself, on a new consideration, for the debt of Payne. The new consideration is, that but for Boude’s withdrawal of the •land from the execution by replevying it, the creditor would have made his debt out of Payne’s property, and that, by reason of this act, Payne’s property is withdrawn from liability to the debt, and the creditor is now unable to make his debt, except by enforcing the liability ■of the parties upon the replevy bond. This consideration is sufficient to support the bond at law; and surely the complainant, who has placed the creditor in this condition, cannot, especially when he is indemnified against loss by the principal debtor, receive the countenance of a Court of Equity in attempting to defeat the creditor entirely in the collection of his debt. He claims to be released from the replevy bond, because, although he is in fact indemnified, the conduct of the creditor was such as might have subjected him to loss without his consent. But by his own voluntary act, he has subjected the creditor to a total loss of his debt, unless he be held to the legal consequences of his act. We think, under these circumstances, the equity of the creditor is greater •than that of the surety, and that the Court of Chancery cannot rightfully interpose to deprive the former of his legal advantage.
Usurious interest having been paid by a principal debtor, a surety-, seeking to be relieved of the whole debt, on other grounds, is relieved from so much, as the excess above the lawful interest, applied as a payment when it was exacted, will extinguish.
But, as it appears, that there was usurious interest in the note of Payne &c.. to Bartlow — fifty dollars having been charged for the loan and forbearance of four hundred and fifty dollars for one year, and as the twenty five dollars paid by Payne, on the 3d of December, 1829, has not been credited on the note or judgment, the complainant is entitled to be relieved against the excess of interest, by having a credit of twenty three dollars, the amount thereof, included in the note itself, to be considered as paid when the note was due, and a credit for twenty five dollars, as evidenced by the receipt of Bart-low, to be entered as paid on the 3d of December, 1829.
If it had been proper to perpetuate the injunction for the whole amount, the decree would still have been liable to other objections, which need not now he noticed» *596 For the-error already pointed out, the decree is reversed,' and the- cause remanded, with directions to perpetuate the injunction for the two sums above mentioned, and to dissolve the injunction with damages, as to the residue of the judgment..